UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENSEN DANTRELL GAYDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00825-TWP-MKK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR RELIEF
UNDER 28 U.S.C. § 2255**

This matter is before the Court on Petitioner Jensen Dantrell Gayden's ("Mr. Gayden") Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Gayden is serving a 108-month prison sentence and he asks the Court to vacate his conviction for possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The United States responded, conceding that Mr. Gayden's motion should be granted and that he should be immediately released. (Dkt. 6.)  Mr. Gayden's § 2255 motion is **granted** for the reasons discussed below.

**I. THE § 2255 MOTION**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).  A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as

an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

In 2017, Mr. Gayden pled guilty to two completed Hobbs Act robberies and two attempted Hobbs Act robberies, in violation of 18 U.S.C § 1951 (Counts 1 through 4), and one count of using, carrying, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5). *United States v. Gayden*, Case No. 1:15-cr-00136-TWP-TAB ("Cr. Dkt."), (Cr. Dkt. 47). The § 924(c) conviction was based on an attempted Hobbs Act robbery. (Cr. Dkt. 11). Mr. Gayden was sentenced to 108 months in prison, representing concurrent 48-month sentences for Counts 1 through 4, and a mandatory concurrent 60-month sentence for Count 5. (Cr. Dkt. 47 at 2.) He was also sentenced to concurrent 2-year terms of supervised release for each count. *Id.* at 3.

## III. DISCUSSION

The parties agree that, under the United States Supreme Court's holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022), Mr. Gayden's conviction for Count 5 must be vacated. (Dkts. 1, 6.) In *Taylor*, the Court held that an attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" for purposes of a conviction for using a firearm in furtherance of a "crime of violence" under § 924(c). *Id.* at 2020. The underlying "crime of violence" for Mr. Gayden's § 924(c) conviction was attempted Hobbs Act robbery. And, the United States concedes, there is no evidence that Mr. Gayden possessed a firearm in the other, completed robberies at issue in his criminal case. (Dkt. 6.) Accordingly, Mr. Gayden's § 924(c) conviction is now invalid, and his

§ 2255 motion must be granted. *See Evans v. United States*, No. 22-CV-1326-JPS, 2023 WL 2709745 (E.D. Wis. Mar. 30, 2023) (granting § 2255 motion and vacating § 924(c) conviction based on attempted Hobbs Act robbery).

Mr. Gayden's four convictions for Hobbs Act robbery and attempted Hobbs Act robbery remain valid.

### IV. CONCLUSION

Mr. Gayden's motion for relief under § 2255 is **GRANTED**. The judgment and sentence in his underlying criminal case, *United States v. Gayden*, Case No. 1:15-cr-00136-TWP-TAB, Cr. Dkt. [47], is **VACATED as to Count 5**.

The **Clerk is directed** to docket a copy of this Order in *United States v. Gayden*, Case No. 1:15-cr-00136-TWP-TAB, and to **TERMINATE** the § 2255 motion pending on the docket in that case, Cr. Dkt. [61].

Judgment will issue in this case by separate entry. An amended judgment will also enter in Mr. Gayden's criminal case by separate entry.

**SO ORDERED.**

Date: 9/25/2023

*(signature)*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jensen Dantrell Gayden, #12753-028
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 350
Beaver, West Virginia  25813

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov